**Filed 6/25/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

————————————

ROBERT D. HOLDSWORTH,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

    Defendant-Appellee.

No. 96-1008
(D.C. No. 93-Z-2287)
(D. Colorado)

————————————

## ORDER AND JUDGMENT[*]

————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert D. Holdsworth appeals the district court's order affirming the Secretary of the Department of Health and Human Services' decision to deny his application for social security benefits. We affirm.

On December 2, 1980, Mr. Holdsworth was injured at work when he fell from scaffolding. On April 22, 1991, he filed a Disability Report with the Department of Health and Human Services alleging he suffered from a T-12 compression fracture, pain in his midback, frontal headaches, blurry vision, chronic cervical sprain and degenerative arthritis as a result of the fall. On April 1, 1993, the Administrative Law Judge issued a decision finding "[t]he evidence as a whole clearly shows that the claimant, at all times pertinent to this decision, was capable of performing sedentary work." The appeals council denied Mr. Holdsworth's request for review. On October 26, 1993, Mr. Holdsworth filed an action in the district court alleging the "conclusions and findings of fact of the administrators were not supported by substantial evidence and are contrary to law." The district court affirmed the Secretary's decision and noted:

> This is a case where very clearly in looking at the entire record, the plaintiff has the ability to do sedentary work. The ALJ's finding that he is able to do sedentary work is a proper finding. In fact, there is nothing in the record that's in conflict with that, and I don't think the words "frequent[] changes of position" can be magnified to be in conflict with that, because in that same sentence, the doctor indicates that he can do lighter type of work.

I have no problem -- I don't know whether the grids should have been applied in this case, but I have no problem with the fact that they were. I don't think it's error, because it appears that plaintiff's other problems, his pain, headaches, were controlled with medication and did not limit his ability to do the sedentary work. Again, there is nothing from any doctor in the record that says that there was a limitation.

Mr. Holdsworth raises five issues on appeal: 1) "[d]id the district court err by finding the Commissioner of Social Security ... Decision was supported by substantial evidence"; 2) "[d]id the Commissioner satisfy her burden at step five of the evaluation procedure"; 3) "[d]id the Commissioner fail to consider all of the evidence in the record"; 4) "[d]id the Administrative Law Judge ... fail to develop the record"; and 5) "[d]id the Appeals Council fulfill its duty of review or violate Mr. Holdsworth's right to procedural due process?"

Although Mr. Holdsworth raises numerous issues, our task is limited to examining the record as a whole to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

I

We will first address whether the Administrative Law Judge failed to meet his burden at step five of the evaluation process. *See generally Williams v.*

-3-

*Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing 20 C.F.R. §§ 404.1520 & 416.920's five-step analysis). Having determined that Mr. Holdsworth was severely injured and was unable to return to his previous line of work, the judge then had to consider Mr. Holdsworth's "residual functional capacity and [his] age, education, and past work experience to see if [he] can do other work." 20 C.F.R. § 404.1520(f). The judge noted Mr. Holdsworth's inability to perform his prior line of work, his age which classified him as a younger individual at the relevant time, his ninth grade education and his ability to perform the full range of sedentary work. Under 20 C.F.R. § 404.1567(a):

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

The judge then applied his findings to § "404.1569 of Regulations No. 4 and Rules 201.24, 201.25, or 201.26, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4," ("the grids") to conclude that Mr. Holdsworth was not disabled.

Mr. Holdsworth claims application of the grids was inappropriate because the judge failed to consider his non-exertional limitations which include

-4-

restrictions on reaching, stooping, exposure to cold weather, "need to frequently change positions," inability to drive for longer than an hour, "headaches, depression, sleep disorder, blurred vision, dizziness and pain." Mr. Holdsworth is correct that when non-exertional limitations are present, use of the grids is only appropriate as a framework to determine whether a sufficient number of jobs exist that the claimant can perform. *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988). If the claimant's non-exertional limitations, however, do not affect his ability to perform sedentary work then use of the grids is appropriate.

In his decision the judge found:

Regarding the claimant's own statements, the undersigned was persuaded by the claimant's estimates of what he could have performed during the time frame in question and it was his own estimate that he could lift from 10 to 15 pounds. This, in fact, exceeds the requirements for sedentary work. Regarding his ... use of pain medication, he said that this is somewhat limited including aspirin and Inderal for pain. He stated that what exacerbates his pain is cold weather but sedentary work is performed primarily interiorly, unlike what the claimant was used to as a carpenter. Regarding daily activities, he said he spends his days walking his dog, watching television, and going to the union hall. His hobby is working on lawn mowers.

The Administrative Law Judge also considered the medical evidence and statements of treating and examining physicians. Exhibit 15 provides a good summary of the claimant's history of injury but this record, while establishing a medically determinable impairment, does not show that the claimant would be incapable of performing sedentary work at the time ... in question.

We have carefully reviewed the record and considered each of Mr. Holdsworth's complaints. His restrictions regarding reaching, stooping, exposure to cold weather, need to frequently change positions and inability to drive for longer than an hour do not affect his ability to perform a sedentary job. The definition of a sedentary job refers to one where he would need to sit or stand for regular periods of time and do occasional light lifting. These requirements do not anticipate that he will be doing any reaching, stooping, driving or be exposed to cold weather. Furthermore, his need to frequently change positions should be easy to accommodate. Regarding his other complaints, the headaches, pain and sleep disorder he testified were controlled by medication when he chose to take it. *See Dixon v. Heckler*, 811 F.2d 506, 508 (10th Cir. 1987) (finding a condition that can be controlled with medication cannot serve as the basis for a finding of a disability). His complaints of blurred vision were refuted by an ophthalmologist who found "[n]o disability from an ophthalmological viewpoint" and that his vision was 20/20. Although on appeal he alleges depression as a factor, during his hearing before the Administrative Law Judge his attorney asked him if he had suffered from any emotional or psychological problems to which he responded: "No, sir. I don't believe so." After testifying that he had not suffered from any emotional or psychological problems, it is disingenuous for him now to argue he was disabled because of depression.

-6-

Like the district court, we also find persuasive the fact that every doctor who examined Mr. Holdsworth found him to be capable of performing light work. In an attempt to discredit the above testimony before the district court, Mr. Holdsworth's counsel argued:

> [Counsel]: I'm not -- when I hear that someone is capable of light work, I'm always somewhat puzzled as to what they mean. Whether it means part-time work, work less restrictive than the patient was doing in the past, or what --
>
> THE COURT: Well, for Social Security appeals purposes, it means not lifting heavy weights, not doing the type of things that would bother someone with a bad back as the plaintiff apparently has.
>
> [Counsel]: Of course, light work under the department of labor -- that's right, your honor -- means something very specific; but I'm not sure that that's the context. And that that is a true interpretation of what the physician was saying in this case.
>
> But in any event, the doctor -- and Dr. Messner has since retired. That's one of the problems with this case. If we want some -- want some specifics as to what he meant by certain -- by some -- sometimes contradictory restrictions or ambiguous restrictions, he's not going to be around to clarify the record for us.

We do not find the doctor's restrictions to be ambiguous or contradictory or preclusive of sedentary work. In the absence of any non-exertional limitations that would have affected Mr. Holdsworth's ability to perform sedentary work, we find the Commissioner's decision was supported by substantial evidence and in accordance with applicable legal standards.

-7-

II

Mr. Holdsworth also claims the Commissioner failed to consider all of the evidence. In particular Mr. Holdsworth claims the Administrative Law Judge "refused to consider the opinion of treating physician Milo L. Messner, M.D." This contention is contradicted by the record. In his decision the judge states:

> The report from the claimant's treating physician also shows that the claimant could return to work in the time frame in question. Milo Mes[s]ner, M.D., stated in April 1982 that the claimant "will not return to his usual occupation and that rehabilitation should be into another type of work with the limitations of not working above the level of his shoulders, not working below the level of his waist, and not to lift greater than 25 pounds 1 foot from his chest." He went on to say "[t]he patient remains on a no-work status from his usual job but has been released to a lighter type of work." Dr. Mes[s]ner confirmed similar limitations in an updated letter of December 20, 1982.

The above passages show that the judge did in fact consider and give great weight to Dr. Messner's findings and recommendations.

Next, Mr. Holdsworth claims the Commissioner failed to fully develop the record. Mr. Holdsworth alleges: "The appeals council refused to include the exhibits in the prior file .... The Commissioner failed to explain why she did not give credit for Mr. Holdsworth's 1980 earnings .... The ALJ was unable to apply SSR95-1p to the prior claim." He then claims "[t]here was an apparent conflict in the record between Dr. Messner's and others' orthopedic assessments." His

-8-

contentions lack merit. He does not provide us with any information regarding what information should have been included in the prior file or why Mr. Holdsworth was prejudiced by this denial or why it was inappropriate. Regarding Mr. Holdsworth's 1980 earnings, we assume this addresses the argument Mr. Holdsworth made before the district court that his insurance period rendering him able for disability benefits should have lasted until 1984 instead of 1983. As we affirm the finding that Mr. Holdsworth was not disabled, whether the period he would have been eligible for disability ended in 1983 or 1984 is irrelevant. Regarding the apparent conflict in the record Mr. Holdsworth seems to be arguing that the judge should have had him examined by a neurologist and a psychologist. Neither this issue nor the appropriateness of the SSR-95-1p were raised in the proceedings below and we will therefore not address them for the first time on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

III

Finally, Mr. Holdsworth contends the appeals council failed to fulfill its duty of review and violated claimant's right to procedural due process. His entire argument on this point is:

> Plaintiff requested the post-complaint second Appeals Council's decision be stricken from the record .... The District Court wrongfully denied this motion [citation omitted]. Whether the Appeals Council received claimant's documents and refused to

consider them or whether they simply misplaced them, the reviewing tribunal failed to review the complete record before making its decision [citations omitted]. This Court also has mandamus jurisdiction to require the Commissioner to rule on claimant's Request to Reopen.

This brief argument does little to inform us of the alleged errors or of any prejudice Mr. Holdsworth may have suffered as a result. Because our standard of review is so narrowly focused in this type of appeal and we have already found the Administrative Law Judge's decision to be supported by substantial evidence and in accordance with the correct legal standards we affirm without addressing the propriety of the Appeals Council's actions.

**AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge